IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| John Dallaire,<br>            Plaintiff,<br>v.<br><br>Dr. Hoy's, LLC,<br>Power Promotions, LLC,<br>Sirius MMA, Inc.,<br>Ultimate Brand Management LLC,<br><br>            Defendants. | Civil Action No. ____-cv-_____ |

## COMPLAINT

Plaintiff John Dallaire, by and through his undersigned counsel, hereby brings the following Complaint against Defendants Dr. Hoy's LLC, Power Promotions LLC, Sirius MMA Inc., and Ultimate Brand Management LLC (collectively "Defendants"), seeking damages:

## INTRODUCTION

1. This is a complaint for copyright infringement. Defendants conspired to induce Plaintiff to create a design for a product package, which was used by Defendants to launch a pain relief product branded with the "MMA Elite" line of products related to "mixed martial arts." Mixed martial arts are a kind of boxing and martial arts sports entertainment. Defendants induced Plaintiff to create the design at a severely discounted, below-market rate, promising to make payment once production on the product had begun. However, rather than make even the modest payment that they negotiated, Defendants falsely represented that the "project was dead," and began producing product using the design and concealed that use from Plaintiff. Plaintiff caught Defendants in their lie on October 22, 2012 when Defendants reached out to Plaintiff to address an email glitch that caused communications regarding the project to be sent to Plaintiff. Plaintiff, exercising proper diligence, investigated the status of the project further and discovered

that the product had in fact been put into production, despite Defendants' representations to the contrary. Plaintiff now seeks damages in an amount equal to the fair market value of the product package design, plus treble damages, attorneys fees, and such other relief as the Court deems equitable and just.

## THE PARTIES

2. Plaintiff John Dallaire is an adult individual residing at 1722 S. 4th Street Philadelphia, PA 19148.

3. Defendant Dr. Hoy's, LLC (hereinafter "Dr. Hoy's") is a Limited Liability Company in the pharmaceutical preparation manufacturing industry. It is organized and existing under Arizona state law, with a principal place of business at 9221 E Baseline Rd, Suite A-109 #138, Mesa, AZ 85209.

4. Defendant Power Promotions, LLC (hereinafter "Power Promotions") is a limited liability company principally engaged in specialty advertising. It is organized and existing under Nevada state law, with a principal place of business of 3170 E Sunset Rd. Suite H Las Vegas, NV 89120.

5. Defendant Sirius MMA, Inc. (hereinafter "Sirius") is a corporation that, among other things, is the license holder of the MMA Elite logo. It is organized and existing under Nevada state law, with a principal place of business of 2764 N Green Valley Pkwy Ste 144, Henderson, NV 89014.

6. Defendant Ultimate Brand Management, LLC (hereinafter "UBM") is a limited liability company, organized and existing under California state law, with a principal place of business at 2301 E. 7th Street, Suite A-300 Mailbox #13, Los Angeles, CA 90023.

## JURISDICTION AND VENUE

1. This action arises under the Federal Copyright Act of 1976, as amended, 17 U.S.C. §101 et seq. Subject-matter jurisdiction is founded on 28 U.S.C. §§1331, 1338(a), and 1338(b) of the Judicial Code.

2. The Court has personal jurisdiction over Defendants, who have continuous and systematic contacts with the Commonwealth of Pennsylvania, have transacted business in or directed at the Commonwealth of Pennsylvania, engaged in tortious activity directed at entities and property located in the Commonwealth of Pennsylvania, and/or caused tortious harm or injury in the Commonwealth of Pennsylvania. Among other things, Defendants have targeted wrongful acts at Plaintiff, who lives in Pennsylvania. Personal jurisdiction is accordingly conferred by §5322(a)(1) and §5322(a)(4) of the Pennsylvania Consolidated Statutes Annotated (42 Pa. Consol. Stat. Ann. § 5322(a)(1) and (a)(2)).

3. Venue is proper in this District because Defendants' acts of infringement occurred in this District and because personal jurisdiction exists over Defendants in this District. Venue is conferred by §1391(b) and (c) and 1400(a) of the Judicial Code (28 U.S.C. §1391(b) and (c) and 1400(a)).

## FACTUAL BACKGROUND

4. Plaintiff John Dallaire is a freelance artist specializing in commercial illustration and graphic design. He has worked on such projects as advertising, graphic novels, and serialized comics. He runs a website focused on women's views of speculative fiction, contributes art to various blogs, participates in art competitions, and is generally an active, enthusiastic and well-known member of the Philadelphia artist community.

5. On April 4, 2011, Plaintiff was contacted by Dean Katris (hereinafter "Katris") on behalf of Defendant Power Promotions to create the packaging design and 3D packaging mock-

3

ups (hereinafter "the Work") for a new pain relief gel (hereinafter "Product") for Defendant UBM. The Product was a joint venture between Power Promotions, Dr. Hoy's, and Sirius.

6. Katris induced Plaintiff to offer to create the Work at a severely discounted rate well below market value, enticing Plaintiff with the promise of additional work if he took this assignment as a loss leader. Payment of the loss-leader rate was to be made upon the start of production of the Product.

7. Between April 11, 2011 and April 25, 2011, Plaintiff created and revised the Work in accordance with input provided by Katris (of Power Promotions), Joaquim Gloschat (of Dr. Hoy's), and Bryan Lindsey (of Sirius).

8. On April 27, 2011, Plaintiff delivered the final Work and accompanying .ai file (vector art).

9. On May 6, 2011, Plaintiff sent an invoice for the sum of $1500.00 to Katris for the finished product, due upon "start of production" of the product. On a separate invoice, an additional $300.00 was billed specifically for the presentation pieces (3D renderings) of the Work.

10. On June 1, 2011, Plaintiff inquired into the status of the start of production on the Product. Plaintiff was told that a meeting with a large retailer had been postponed, delaying production.

11. However, on June 15, 2011, Defendant Sirius requested that wording on the Work be changed from "Relief Rub" to "Joint and Muscle Gel." Plaintiff supplied the requested change five days later.

12. On June 22, 2011, additional changes to the Work were requested of the Plaintiff, who supplied them later that day. Plaintiff then inquired of all parties as to the status of the start

of production. Defendant Sirius informed the Plaintiff that the project waiting on the final UFC (Ultimate Fighting Championship) approval of the seal on the Work.

13. On August 9, 2011, Defendant UBM requested additional changes to the MMA logo incorporated into the Work, in order to bring the packaging fully into brand compliance. Plaintiff supplied the requested changes two days later. A true and correct copy of the Plaintiff's final Work for the Product is attached to this complaint as Exhibit "A."

14. Between August 19, 2011 and November 22, 2011, Plaintiff inquired three times into the state of the project. The first inquiry was ignored; the second was met with the assurance that production samples of the Product for a late-September meeting with Wal-Mart were being produced. In response to the third inquiry the Plaintiff was informed that said meeting was delayed.

15. Plaintiff's design packaging was successfully registered with the United States Copyright Office effective on January 18, 2013 as US Registration VAu-001-149-798. A true and correct copy of this certificate of registration is attached hereto as Exhibit "B."

16. On February 17, 2012, Katris requested of the Plaintiff new copies of the MMA logos. Shortly thereafter, Plaintiff was told by Katris via phone that the project was "dead."

17. On October 22, 2012, after a diligent investigation and despite Defendants attempts to actively conceal that production on the Product had begun, Plaintiff discovered the Product, bearing the same Work that he had created, directly for sale on the MMAelite.net website, as well as featured in a promotional video by Wal-Mart. A true and correct copy of photo of the Product displayed on the mmaelite.net website is attached to this complaint as Exhibit "C."

18. On February 26, 2013, Plaintiff gave notice to Defendant Sirius of the infringing conduct. On March 16, 2013, Defendant Sirius sent an email in reply alleging that, "There is NO

inventory on ANY shelf anywhere in the World and there is NO inventory other than sample tubes created and agreed upon by Mr. Dallaire."

19. Contrary to the representations of Defendant Sirius, Plaintiff has been able to purchase the Product through several online stores. On March 20, 2013, Plaintiff purchased a unit of the Product via PayPal from online merchant Stop One MMA. A true and correct copy of the receipt for this transaction is attached to this complaint as Exhibit "D."

20. On or around March 27, 2013, the purchased Product was delivered. A true and correct copy of a photograph of the purchased and received Product is attached to the complaint as Exhibit "E."

21. On June 19th, 2014, Plaintiff purchased a second unit of the Product online from the USA Fight Store. On or around July 1, 2014, the Product was delivered.

22. Despite Defendants representations to the contrary, Defendants have begun production on, and continue to produce and sell or authorize for sale, the infringing Product at least the USA Fight Store.

23. Defendants never paid Plaintiff's invoices, such that no license, express or implied, was ever granted by Plaintiff to Defendants, and Plaintiff's right to recovery is not limited to any loss leader or other discounted rates.

### CAUSE OF ACTION:  COPYRIGHT INFRINGEMENT
### (DIRECT, VICARIOUS AND CONTRIBUTORY)
### 17 U.S.C. § 501, ET SEQ.

24. Plaintiff realleges and incorporates by reference the allegations stated in Paragraphs 1 through 23 of this Complaint.

25. Plaintiff owns and has copyrights in his Work. The Work was duly registered before this action was filed. A true and correct copy of its copyright registration is attached hereto as

Exhibit "B."

26. Defendants Sirius, Dr. Hoy's, Power Promotions and UBM comprised a joint venture formed for the express purpose of working together to reproduce the infringing Work, and to distribute or authorize the distribution of copies of the infringing design to the public. Moreover, Defendant UBM, as the entity responsible for commissioning the creation of the Product, directly infringed by authorizing the reproduction and distribution of the infringing Work to the public.

27. The Defendants, and each of them, jointly and severally copied, displayed, distributed or authorized the distribution of goods bearing the Work to the public and thus directly and/or indirectly infringed Plaintiff's copyright in the Work.

28. Alternatively or in addition, Defendants are contributorily liable to Plaintiff as they materially contributed, enabled, and/or encouraged the infringement of the others with actual or constructive knowledge, or willful blindness, of Plaintiff's rights in the Work and/or failed to exercise their authority to prevent or discontinue such infringement.

29. Alternatively or in addition, Defendants are vicariously liable to Plaintiff for the actions of the other Defendants as they had the legal and practical right and ability to supervise and control the infringing conduct of each other Defendant.

30. Each such infringement of the Work described above constitutes a separate and distinct act of infringement.

31. At all times relevant, Defendants obtained a direct financial benefit from the infringement, had the right and ability to control the infringing conduct, and/or intentionally induced, encouraged, caused or materially contributed to the infringement.

32. The foregoing acts of the Defendants constitute direct infringement, vicarious

infringement and/or contributory infringement of Plaintiff's exclusive rights in the Work, under 17 U.S.C. § 106.

33. Defendants' actions were and are intentional, willful, wanton and performed in conscious disregard of Plaintiff's rights.

34. As a direct and proximate result of Defendants' infringement, Plaintiff has been damaged, and Defendants have been unjustly enriched, by Defendants' unlawful infringement of Plaintiff's copyrighted works in an amount to be proven at trial.

35. Plaintiff is entitled to the relief provided by 17 U.S.C. §§ 504-505, including, but not limited to, compensatory damages (including, but not limited to actual damages and/or Defendants' profits), the maximum statutory damages, treble damages for willful infringement, punitive damages, injunctive relief against further infringement, and Plaintiff's costs and attorneys' fees in amounts to be determined at trial.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor and against Defendants as follows:

    (a) an order requiring Defendants to account for, hold in constructive trust, pay over to Plaintiff, and otherwise disgorge all profits derived by Defendants from their unlawful conduct and unjust enrichment as permitted by law;

    (b) an award to Plaintiff of damages, including, but not limited to, compensatory, statutory, treble and punitive damages, as permitted by law; and an award of prejudgment and post-judgment interest;

(c) an award to Plaintiff of its costs of suit, including, but not limited to, reasonable attorneys' fees, as permitted by law;

(d) an award of prejudgment interest according to law;

(e) injunctive relief enjoining Defendants, and each of them, and their respective agents, servants, employees, officers, successors, licensees and assigns, and all persons acting in concert or participation with each or any of them, from: (i) directly or indirectly infringing in any manner the Work; and (ii) causing, contributing to, participating in, inducing, or enabling the infringement of any of Plaintiffs' respective copyrights, including without limitation, the Work; and/or

(f) such other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby requests trial by jury on all issues so triable.

Date: 10/20/, 2015

_____
Chad A. Rutkowski (PA Bar No. 79860)
Baker & Hostetler LLP
2929 Arch Street
Cira Centre, 12th Floor
Philadelphia, PA 19104-2891
Tel: 215-564-3100
Fax: 215-568-3439
crutkowski@bakerlaw.com

*Attorneys for Plaintiff John Dallaire*